IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RBX CAPITAL, LP,

          *Plaintiff,*

v.                                                                CIVIL ACTION NO.

XORAX FAMILY TRUST, ZEESHAN
SAEED, and REHAN SAEED,

          *Defendants.*

## NOTICE OF REMOVAL

TO:    United States District Court
        for the Eastern District of Pennsylvania

Defendants Xorax Family Trust ("Xorax"), Zeeshan Saeed, and Rehan Saeed (collectively, "Defendants") hereby remove this action to this Court from the Court of Common Pleas of Philadelphia County, Pennsylvania (the "State Court"). This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## PROCEDURAL HISTORY

1.    On July 15, 2021, Plaintiff RBx Capital, LP ("Plaintiff") filed a complaint (the "Complaint") against Defendants in the State Court, Civil Action No. 210701196. A true and correct copy of the Complaint is attached hereto as **Exhibit 1**.

2.    Plaintiff has advanced claims against all Defendants for breach of contract (Count I); conversion (Count II); and unjust enrichment (Count III).

3.    The Complaint was served upon Defendants on August 12, 2021. A copy of the Stipulation specifying the date of service is attached hereto as **Exhibit 2**.

## TIMELINESS OF REMOVAL

4. Defendants' Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is being filed within 30 days of their being served with the Complaint.

## VENUE

5. Venue is proper pursuant to 28 U.S.C. § 1446(a) and 28 U.S.C. § 118(a) because the Complaint was filed in the Philadelphia County Court of Common Pleas, which is within the Eastern District of Pennsylvania.

## BASIS FOR REMOVAL JURISDICTION

6. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

7. Pursuant to 28 U.S.C. § 1332(a)(1), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different states."

8. Jurisdiction pursuant to 28 U.S.C. § 1332 requires complete diversity, meaning that "all plaintiffs must be of different citizenship that all defendants." *Stanley v. Exxon Corp.*, 824 F. Supp. 52, 53 (E.D. Pa. 1993).

9. In addition to satisfying the $75,000 amount-in-controversy requirement, Defendants may remove this action because there is complete diversity of citizenship.

10. Specifically, Plaintiff is a limited partnership with its principal place of business in Philadelphia, Pennsylvania, and the sole partner identified in the Complaint—Plaintiff's Managing Partner, Dr. Raza Bokhari—is a citizen of Pennsylvania. **Exhibit 1**, Complaint ¶¶ 1, 6.

11. The Complaint alleges that Defendant Xorax is a Canadian Investment Trust located at 3682 Stratton Woods Court, Mississauga, ON, L5L 4V2, Canada, and that both of the individual Defendants, Messrs. Zeeshan and Rehan Saeed, reside at 3688 Stratton Woods Court, Mississauga, ON, L5L 4V2. *Id.* ¶¶ 2-4.

12. Accordingly, complete diversity of citizenship exists.

**A.     Relevant Law Regarding Diversity of Citizenship.**

13. A natural person is deemed to be a citizen of the state in which he is domiciled. *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015).

14. "Whenever a partnership (or other unincorporated association) brings suit or is sued in a federal court, the citizenship of each of its partners (or members) must be considered in determining whether diversity jurisdiction exists, and all partners (or members) must be diverse from all parties on the opposing side." *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 185 (3d Cir. 2008).

15. "[T]he citizenship of a traditional trust is only that of its trustee, while that of a business entity called a trust is that of its constituent owners." *GBForefront, L.P. v. Forefront Mgmt. Group, LLC*, 888 F.3d 29 (3d Cir. 2018).

**B.     There is Complete Diversity Between Plaintiff and Defendants.**

16. Here, Plaintiff is a limited partnership with its principal place of business in Philadelphia, Pennsylvania, and the sole partner identified in the Complaint—Plaintiff's Managing Partner, Dr. Raza Bokhari—is a citizen of Pennsylvania. **Exhibit 1**, Complaint ¶¶ 1, 6.

17. Though the Complaint fails to allege whether there are other partners in Plaintiff's limited parternship, upon reasonable investigation, there is no evidence that any such partners would defeat diversity of citizenship.

18. For example, Plaintiff is listed in the Delaware Secretary of State database, and the Certificate of Limited Partnership on file with the Delaware Secretary of State is signed by Dr. Bokhari—a Pennsylvania citizen—on behalf of Plaintiff's general partner, RBx Capital GP, LLC. A copy of the Certificate of Limited Partnership is attached hereto as **Exhibit 3**.

19. The Delaware Secretary of State database does not contain any information about limited partners in Plaintiff or members of RBx Capital GP, LLC.

20. Plaintiff further alleges that all Defendants are residents of Canada. **Exhibit 1**, Complaint ¶¶ 2-4.

21. The trustee of Xorax is Defendant Rehan Saeed, a Canadian citizen, and all of the trust's beneficiaries are Canadian citizens. *See* Declaration of Zeeshan Saeed ¶¶ 1-5, a true and correct copy of which is attached hereto as **Exhibit 4**.

22. Because Plaintiff is a not a Canadian citizen each of Defendants are, complete diversity exists and removal is proper.

C. **The Amount-in-Controversy Exceeds $75,000.**

23. Jurisdiction pursuant to 28 U.S.C. § 1332 is proper because the amount in controversy exceeds $75,000, exclusive of interest and costs.

24. Specifically, Plaintiff alleges that it has incurred monetary losses totaling $275,000. **Exhibit 1**, Complaint ¶¶ 29, 33, 37-39.

25. Accordingly, the allegations of the Complaint plainly establish that the amount in controversy exceeds $75,000.

## CONSENT AND JOINDER

26.     The rule requiring all defendants to consent to removal has been satisfied because both Defendants are filing the present Notice of Removal.

## NOTICE TO STATE COURT AND PLAINTIFF

27.     Pursuant to 28 U.S.C. 1446(d), counsel for Defendants certifies that copies of this Notice of Removal will be filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania, and served on Plaintiff.

WHEREFORE, Defendants hereby remove this action from the Court of Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania.

Dated: August 24, 2021

Respectfully submitted,

*s/ John P. Wixted*
Jason A. Snyderman, Esq.
Pa. I.D. No. 80239
John P. Wixted, Esq.
Pa. I.D. No. 309044
Blank Rome LLP
One Logan Square
130 N. 18th Street
Philadelphia, Pennsylvania 19103
Phone: (215) 569-5500
Facsimile: (215) 569-5555

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Notice of Removal was served upon the following via Certified United States mail, return receipt requested:

Hyun Yoon, Esq.
Kenneth L. Racowksi, Esq.
Holland & Knight LLP
Cira Centre
2929 Arch Street, Suite 800
Philadelphia, PA 19104
*Counsel for Plaintiff*

Dated: August 24, 2021

*s/ John P. Wixted*
Jason A. Snyderman, Esq.
Pa. I.D. No. 80239
John P. Wixted, Esq.
Pa. I.D. No. 309044
Blank Rome LLP
One Logan Square
130 N. 18th Street
Philadelphia, Pennsylvania 19103
Phone: (215) 569-5500
Facsimile: (215) 569-5555

*Attorneys for Defendants*