IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RBX CAPITAL, LP,

    *Plaintiff,*

v.

XORAX FAMILY TRUST, ZEESHAN SAEED, and REHAN SAEED,

    *Defendants.*

CIVIL ACTION
NO. 21-3774

**PAPPERT, J.**                                                                                               September 28, 2022

## **MEMORANDUM**

The Court discussed this case's factual background in its opinion on Defendants' Motion to Dismiss. (ECF 12.) RBx's remaining claim is for unjust enrichment against the Xorax Family Trust. (*Id.*) Xorax moved for judgment on the pleadings under Rule 12(c) (ECF 17), and after reviewing the pleadings and the parties' briefs, the Court denies the motion.

I.

The Rule 12(b)(6) standard applies to a Rule 12(c) motion for judgment on the pleadings. *See Bibbs v. Trans Union LLC*, 43 F.4th 331, 339 (3d Cir. 2022). A court must accept factual allegations in the nonmovant's pleadings as true and draw all reasonable inferences in the nonmovant's favor. *Id.* "A court will grant a motion for judgment on the pleadings if the movant establishes that there are no issues of material fact, and that he is entitled to judgment as a matter of law." *Allstate Prop. & Cas. Ins. Co. v. Squires*, 667 F.3d 388, 390 (3d Cir. 2012) (internal quotation omitted).

1

II.

A.

Xorax claims that because it is a family trust, the proper party to a lawsuit is its trustee. Xorax is correct that a traditional trust cannot be "haled into court" because it is a fiduciary relationship, not a distinct legal entity. *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016). In *Americold*, the Supreme Court acknowledged a trend among the states of "appl[ying] the 'trust' label to a variety of unincorporated entities that have little in common with this traditional template." *Id.* It distinguished these new "business trusts," which are entities that can sue and be sued in their own name, from "traditional trusts," which cannot. *Id.*

The Third Circuit Court of Appeals articulated the test for differentiating traditional and business trusts in *GBForefront, L.P. v. Forefront Management Group*, 888 F.3d 29, 40–41 (3d Cir. 2018). The court first looks "to the law of the state where the trust was formed to determine whether the trust has the status of a juridical person," though the "particular labels affixed by state law are not of themselves determinative." *Id.* at 40. Second, a court should look to "the purpose of the trust—a traditional trust facilitates a donative transfer, while a business trust implements a bargained-for exchange." *Id.* (internal citations omitted).

B.

Xorax's arguments that it is a traditional trust do not address the Third Circuit's relevant factors. Xorax first claims that because its name includes the words "family trust," it is necessarily a traditional family trust. But the trust's nature and purpose— not its label—determine whether it is a juridical entity. *See Americold*, 577 U.S. at 383

(traditional trust rules do not apply to an entity "just because the entity happens to call itself a trust"); *GBForefront*, 888 F.3d at 40.[1]

Xorax also points to the declaration of Xorax beneficiary Zeeshan Saeed, attached as an exhibit to its notice of removal. (ECF 1-4.) The Court may consider the pleadings, exhibits attached to the pleadings, "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, and items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (citation omitted) (cleaned up) (considering a Rule 12(b)(6) motion); *see also Alvarez*, 2021 WL 3929045, at *2 (explaining relationship between Rule 12(b)(6) and Rule 12(c)). Even if the Court can consider exhibits to notices of removal, the declaration isn't enough. It names Xorax's trustee and beneficiaries and describes how they are related to one another, but does not provide the kind of information necessary under the *GBForefront* analysis.

The pleadings do not set forth sufficient facts for the Court to determine, as a matter of law, whether Xorax is a traditional trust. Discovery should inform that determination and, if appropriate, Xorax may renew its argument at summary judgment.

An appropriate Order follows.

---

[1] Xorax insists RBx concedes that Xorax is a traditional family trust by referring to it as "Xorax Family Trust" in the Complaint. For the reasons discussed above, this argument is wrong. Additionally, RBx characterizes Xorax elsewhere in the Complaint as a "Canadian Investment Trust." (Compl. ¶ 2, ECF 1-1.) If anything, this suggests that Xorax is a business trust rather than a traditional trust. But even though the Court accepts RBx's allegations as true, this does not settle the issue. Xorax's status as a business trust cannot be determined as a matter of law without a thorough analysis of Xorax's legal status and purpose.

4

BY THE COURT:

*/s/ Gerald J. Pappert*

GERALD J. PAPPERT, J.